UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHALIQ BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0252-B |
| | § | |
| DITECH FINANCIAL LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Specialized Loan Servicing LLC, as successor to Ditech Financial LLC, ("SLS")'s Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 5). For the reasons given below, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

This is a suit to quiet title to real property located in Dallas County, Texas ("the Property"). Plaintiff Khaliq Bryant ("Bryant")'s predecessor in title was Sherry Flewellen ("Flewellen"). Doc. 1-1, Ex. B-1, Pet., ¶ 4. Flewellen's predecessor was James Daugherty ("Daugherty"). *Id.* ¶ 6. Daugherty acquired the Property on or about April 12, 2002, and his following actions are the basis of the instant dispute. *Id.* ¶ 7. On the date he purchased the Property, Daugherty executed a deed of trust on it in favor of Allstate Bank. *Id.* ¶ 8. That deed of trust was released on March 25, 2004. *Id.* But Daugherty also executed a deed of trust on the Property in favor of Alpha Mortgage ("the Alpha Loan") on November 24, 2003, prior to the release from Allstate Bank. *Id.* ¶¶ 8–9. On July 6, 2012,

---

[1] This factual statement is derived from Plaintiff's Original Petition (Doc. 1-1).

Daugherty entered into a "non-HAMP"[2] modification, presumably for the Alpha Loan. *Id.* ¶ 10. The modification reflected that Daugherty was "seriously delinquent" in his mortgage payments. *Id.* ¶ 11.

The Property eventually passed to Flewellen through a homeowner's association lien sale on June 10, 2016.[3] *Id.* ¶ 4. Bryant acquired the Property from an investment group at some point after July 2021. Doc. 8, Pl.'s Resp., ¶ 5.

SLS now claims the right to enforce the Alpha Loan. *See* Doc. 4, Answer & Countercl., 6–7; Doc. 1-1, Ex. B-1, Pet., ¶¶ 9–13. SLS alleges that payments have not been made on that loan. Doc. 4, Answer & Countercl., 6. Accordingly, SLS served notice at the Property of its intent to accelerate the Alpha Loan on May 21, 2021. *Id.* at 7. SLS then served notice of acceleration of the Alpha Loan on July 5, 2021, apparently prompting the case before the Court today. *Id.*

Seeking to quiet title, Bryant challenges SLS's claim to the Property on two bases. First, Bryant alleges that SLS's assignor, Ocwen Loan Servicing LLC ("Ocwen"), does not appear in the chain of title for the Alpha Loan, making SLS's claim to enforce that deed of trust invalid. Doc. 1-1, Ex. B-1, Pet., ¶ 14. Bryant then argues the record of Daugherty's delinquency is sufficient to support a "reasonable inference" that it is "highly unlikely" any mortgage payments had been made on the Alpha Loan in several years, which would have prompted a "reasonable and prudent" lender to accelerate the delinquent Alpha Loan before this time. Doc. 8, Pl.'s Resp., 3, 5. Assuming that such

---

[2] Home Affordable Modification Programs ("HAMP") is a government program designed to help those with documented financial hardships modify their monthly mortgages if they can show that they can make their payments after the modification. U.S. Dep't of the Treas., https://home.treasury.gov/data/troubled-assets-relief-program/housing/mha/hamp (last visited June 2, 2022). Non-HAMP modifications are similar private loan modification agreements. *See* Doc. 7-1, Ex. G, Def.'s App., 31–37.

[3] Plaintiff's petition states 2026 but the deed and reasoning is consistent with 2016. Doc. 1-1, Ex. B-1, Pet., ¶ 4.

acceleration must have happened, Bryant alleges that an action to foreclose on the Property would be time-barred by the relevant statute of limitations. *Id.* at 5.

SLS filed the instant Motion to Dismiss Bryant's claims, arguing that "[w]ithout any factual support . . . [Bryant's] claims are . . . clearly improper as speculative and conclusory." Doc. 6, Def.'s Br., 1. The motion is fully briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

The Court's review under Rule 12(b)(6) is limited to a plaintiff's allegations in the complaint and to those documents attached to a defendant's motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Otherwise, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.* However, "[t]he court may take judicial notice of matters of public record . . . without converting a motion to dismiss to a motion for summary judgment." *Lewis v. Wells Fargo Bank, N.A.*, 939 F. Supp. 2d 634, 637 n.3 (N.D. Tex. Apr. 8, 2013) (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)).

## III.

## ANALYSIS

To succeed on the quiet title claim, Bryant must establish "1) [Bryant] has an interest in [the Property]; 2) title to the [P]roperty is affected by a claim by [SLS]; and 3) [SLS's] claim, though facially valid, is invalid or unenforceable." *See Wagner v. CitiMortgage*, 995 F. Supp. 2d 621, 626 (N.D. Tex. Feb. 5, 2014) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App—El Paso 2012, pet. denied)). Bryant contends that SLS's claim is both invalid and unenforceable. First, the Court considers Bryant's argument that SLS's claim to the Property is invalid because SLS does not own the deed of trust. *See* Doc. 1-1, Ex. B-1, Pet., ¶¶ 13–16. The Court then considers whether Bryant has pled sufficient facts to state a plausible claim that SLS's claim is unenforceable because the

-4-

foreclosure action is time-barred by the statutory period of limitations. Finding that SLS's claim is valid and that Bryant has not alleged sufficient well-pleaded facts to state a plausible claim that SLS's action is unenforceable because it is time-barred, the Court **GRANTS** SLS's motion to dismiss Bryant's quiet title claim. However, the Court **GRANTS LEAVE** to Bryant to amend his pleadings.

A.   *SLS, as the Alpha Loan Mortgagee or Servicer, Has a Valid Claim to the Property*

In Texas, "a mortgagee or mortgage servicer" has a claim to a property through foreclosure, when the relevant statutory requirements and private contractual agreements are satisfied. *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013) (per curiam) (citing Tex. Prop. Code Ann. § 51.0025). The Texas Property Code defines a mortgagee to include "the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4)(c). While "[a] mortgage servicer is defined as 'the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument.'" *Epstein*, 540 F. App'x at 356 (quoting Tex. Prop. Code. Ann. § 51.0001(3)).

Bryant contends that SLS is without standing to bring a claim for foreclosure because the assignor of the deed, Ocwen, does not appear in the chain of title to the deed of trust. Doc. 1-1, Ex. B-1, Pet., ¶¶ 13–14. This argument challenges SLS's claim to title as the mortgagee or servicer of the note as invalid. But SLS, in its motion to dismiss, attached the chain of title showing SLS as

the "last person to whom the security interest has been assigned." Doc. 7-1, Exs. A–G, Def.'s App., 2–30.[4]

The Court finds that SLS is the mortgagee of the note[5] because public records show SLS as "the last person to whom the security interest has been assigned." *Cf. Epstein*, 540 F. App'x at 356 (explaining that a mortgage servicer to whom the instrument has been transferred is the mortgagee). SLS submitted public records that show assignments and transfers from the original deed of trust executed by Daugherty, culminating in the assignment to SLS. Doc. 7-1, Exs. A–G, Def.'s App., 2–30. Bryant has not disputed the legitimacy of these documents or the fact that they facially support SLS's assertion that it has a valid claim to the property. *See* Doc. 8, Resp., ¶ 2 (apparently accepting

---

[4] In deciding this motion, the Court has considered the attachments to SLS's motion and to Bryant's response but has not converted the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Lewis*, 939 F. Supp. 2d. at 637 n.3; *Causey*, 394 F.3d at 288; *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 330 (5th Cir. 1998).

The attachments to SLS's motion are: Allstate Deed of Trust, Assignment of Security Interest to Mortgage Electronic, Assignment to GMAC Bank, Assignment to Ocwen Loan Servicing LLC, Assignment to Ditech, Assignment to SLS, Non-HAMP Modification. Doc. 71, Def.'s App. Each of these documents other than the non-HAMP modification indicates that it was filed and recorded with Dallas County, Texas. *See* Doc. 7-1, Def.'s App., 18, 21, 24, 26, 28, 30. Therefore, these are public records and the Court may take judicial notice of their contents without converting this motion to one for summary judgment. *See Lewis*, 939 F. Supp. 2d. at 637 n.3. The non-HAMP modification does not show that it was recorded. *Id.* at 37. However, it is referenced in Bryant's original petition and central to Bryant's claim that Daugherty's loan was accelerated more than four years ago. *See* Doc. 1-1, Original Pet., ¶¶ 10–11, 15. Moreover, Bryant accepts that the document may be considered on this procedural posture. *See* Doc. 8, Resp., 7. Therefore, the Court has permissibly considered the Non-HAMP modification in applying Rule 12(b)(6) and need not convert the motion to one for summary judgment. *See Causey*, 394 F.3d at 288.

The attachments to Bryant's response to SLS's motion are Daugherty's Bankruptcy Petition and Discharge of Debtor. Doc. 8, Ex. 1, 10–17. These documents indicate that they were filed in case number 11-36438 in the Bankruptcy Court for the Northern District of Texas. *Id.* They are therefore judicial records of which the Court may take judicial notice without converting this motion to one for summary judgment. *See Taylor*, 162 F.3d at 330 (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)) ("[A] court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings.").

[5] Since Bryant's challenge was only that SLS was not the mortgagee, the Court does not address whether SLS has standing to presently foreclose in accordance with the Alpha Loan.

SLS's documents). *See* Doc. 8, Pl.'s Resp. (presenting no standing argument in the response). Further, Bryant has apparently abandoned this argument. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2004) (holding that failure to pursue a claim constitutes abandonment).

The Court therefore accepts SLS's claim as valid and proceeds to Bryant's challenge to SLS's claim to the Property as unenforceable because it is time-barred.

B.   *Bryant Has Not Pled Sufficient Facts to Plausibly Show SLS's Action Is Time-Barred*

In Texas, foreclosure may be brought within four years of the date of accrual of the cause of action. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). When a series of notes or obligations is secured by a real property lien, the cause of action does not accrue until the maturity date of the last note, obligation, or installment. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(e). But if the note is accelerated, the maturity date is brought forward by demanding the note's full balance. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). So, the question is whether Bryant has pleaded sufficient facts to plausibly suggest that SLS's claim to title is unenforceable because the note was accelerated more than four years ago. *See Twombly*, 550 U.S. at 570 (2007).

Bryant contends that "a reasonable and prudent lender *would have* accelerated [the Loan] more than four years ago." Doc. 8, Resp., 5 (emphasis added). But Bryant's Original Petition alleges no specific dates or specific information supporting the actual acceleration. *See* Doc. 1-1, B-1, Pet., ¶ 15. Other courts have found similar pleadings insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Suniverse, LLC v. Ameriquest Mortg. Co.*, 2019 WL 291982, at *3 (S.D. Tex. Jan. 23, 2019); *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co., N.A.*, 958 F. Supp. 2d 738, 749 (W.D.July 26, 2013) (stating that allegation of acceleration "on information and belief" was insufficient to state a claim).

For example, in *Suniverse*, a plaintiff alleged its predecessor's 113 missed mortgage payments over 9 years must have resulted in acceleration. *Suniverse, LLC v. Ameriquest Mortg. Co.*, 2019 WL 291982, at *2 (S.D. Tex. Jan. 23, 2019). The *Suniverse* court labeled this assertion too speculative to support a statute-of-limitations claim because it did not refer to a specific time period or state when the notices were received. *Id.* at *3. Here, unlike in *Suniverse*, Bryant has alleged that the Loan must have been accelerated during Daugherty's ownership, which ended on or about June 10, 2016. Doc. 1-1, Ex. B-1, Pet., ¶ 4. But the allegation that a "prudent" lender would have accelerated at that time remains speculative. Therefore, Bryant's recitation that SLS's claim to title is unenforceable because there must have been acceleration is not well-pled. *See Iqbal,* 550 U.S. at 678; *Suniverse*, 2019 WL 291982 at *3 (stating that "speculative allegations [of possible acceleration] fail to state a plausible statute-of-limitations violation"); *DTND Sierra Invs. LLC* 958 F. Supp. 2d at 749–50 (stating that supposed acceleration "on information and belief" is insufficient to support a quiet title cause of action).

Furthermore, the Court notes the attachment of Daugherty's bankruptcy filings in Bryant's Response. Doc. 8, Resp., Ex. 1–2, 9–17. Bryant does not expressly contend that Daugherty's bankruptcy automatically accelerated the loan but contends that its presence before the Court triggers a "reasonable inference" that a "prudent" lender accelerated the loan. *See* Doc. 8, Pl.'s Resp., 3–5.[6]

---

[6] Additionally, the non-HAMP modification language after the bankruptcy states that "Borrower understands . . . [Lender] is not attempting to collect any debt from Borrower," and "Borrower understands that [Lender] will continue to retain its lien on the Property, along with *all* rights to enforce . . ." Doc. 7-1, Ex. G, Def.'s App., 33 (emphasis added).

Generally, bankruptcy does not automatically trigger acceleration of such a loan. *See* 11 U.S.C. § 365(e)(1).[7] Regardless, other courts have found exceptions to this general rule where bankruptcy can automatically accelerate a loan when an *ipso facto* clause is present. *Mims v. Fid. Funding, Inc.*, 307 B.R. 849, 858 (N.D. Tex. Oct. 15, 2002); *see also In Re AMR Corp.*, 730 F.3d 88, 106 (2d Cir. 2013) (finding that an indenture contract was not executory and therefore the automatic acceleration clause was enforceable).

Here, the original loan agreement between Daugherty contains no *ipso facto* clause and requires affirmative action to accelerate by notice in writing. Doc. 7–1, Def.'s App., Ex. A, 11. Additionally, Daugherty's bankruptcy summary provides that the "creditor *may* have the right to enforce a valid lien . . . against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." Doc. 8, Pl.'s Resp., 17 (emphasis added). Thus, Bryant has not stated adequate facts to show that this note was automatically accelerated by the bankruptcy.

Accordingly, Bryant's allegation that acceleration must have occurred greater than four years before this suit based on Daugherty's delinquency and bankruptcy is not sufficient to state a plausible claim that SLS's claim to the land is unenforceable.

C.     *The Court Grants Bryant Leave to Amend the Pleadings*

Bryant does not request leave to amend his pleadings in response to SLS's motion to dismiss. *See* Doc. 8, Pl.'s Resp. However, under the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to allow

---

[7] 11 U.S.C. § 365(e)(1) reads, "[n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an [agreement] of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified . . . solely because of a provision conditioned on . . ." the financial insolvency, a commencement of bankruptcy case, or appointment by a trustee under this title.

amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

In determining whether to allow such amendment, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, the Court finds that it is in the interest of justice that Bryant be given one opportunity to replead his claims. Accordingly, the Court **GRANTS LEAVE** to Bryant to file an amended complaint.

## IV.

## CONCLUSION

For the reasons given above, the Court **GRANTS** SLS's Motion to Dismiss under Rule 12(b)(6) (Doc. 5). Bryant's quiet title claim is **DISMISSED WITHOUT PREJUDICE**. Additionally, the Court **GRANTS LEAVE** to Bryant to file an Amended Complaint addressing the deficiencies identified above, **WITHIN THIRTY (30) DAYS** of the date of this Order.

**SO ORDERED.**

**SIGNED: June 15, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE