UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHALIQ BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0252-B |
| | § | |
| DITECH FINANCIAL LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Specialized Loan Servicing LLC, as successor to Ditech Financial LLC, ("SLS")'s Motion to Dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 20). For the reasons given below, the Court **GRANTS** the Motion.

### I.

### BACKGROUND[1]

This is a suit to quiet title to real property located in Dallas County, Texas ("the Property"). James Daugherty acquired the Property on April 17, 2002, and his following actions are the basis of the instant dispute. Doc. 19, Am. Compl., ¶ 4. On the date he purchased the Property, Daugherty executed a deed of trust on it in favor of Allstate Bank. *Id.* Daugherty refinanced the Property on December 8, 2003 and executed a deed of trust on the Property in favor of Alpha Bank ("the Alpha Loan"). *Id.* On November 14, 2012, Daugherty entered into a modification, presumably for the Alpha Loan. *Id.* The modification reflected that Daugherty owed a balance of $215,321.40. *Id.*

---

[1] This factual statement is derived from Plaintiff's Amended Complaint (Doc. 19).

The Property eventually passed to Sherry Flewellen through a homeowner's association lien sale on or about June 10, 2016. *Id.* The Property was again sold by the homeowner's association at an auction to Kingdom Group Investments. *Id.* Plaintiff Khaliq Bryant acquired the Property at some point after July 2021. *Id.* ¶¶ 2, 4.

SLS, as servicer for the current owner of the Alpha Loan, now claims the right to enforce the Alpha Loan. *See* Doc. 4, Answer & Countercl., 6–7; Doc. 19, Am. Compl., ¶ 5. SLS alleges that payments have not been made on that loan. Doc. 4, Answer & Countercl., 6. Accordingly, SLS served notice at the Property of its intent to accelerate the Alpha Loan on May 21, 2021. *Id.* at 7. SLS then served notice of acceleration of the Alpha Loan on July 5, 2021. *Id.*

Seeking to quiet title, Bryant challenges SLS's claim to the Property as time-barred. Bryant argues the record of Daugherty's "significant delinquency" is sufficient to support the inference that it is "highly likely . . . Defendant or one of its predecessors" accelerated the Alpha Loan "more than four years before the filing of [this] suit." Doc. 19, Am. Compl., ¶¶ 8, 11. Assuming that such acceleration must have happened, Bryant alleges that an action to foreclose on the Property would be time-barred by the relevant statute of limitations. *Id.* at ¶ 11.

The Court dismissed Bryant's Original Petition without prejudice on June 15, 2022. *See* Doc. 12, Mem. Op. & Order. First, the Court found that SLS possessed a valid claim to the Property. *Id.* at 7. Next, the Court found that Bryant failed to plead "specific dates or specific information supporting the actual acceleration." *Id.* Without more, "Bryant's allegation that acceleration must have occurred greater than four years before this suit based on Daugherty's delinquency and bankruptcy [was] not sufficient to state a plausible claim that SLS's claim to the land [was]

unenforceable." *Id.* at 9. The Court also granted Bryant leave to file an amended complaint. *Id.* at 10.

Upon the filing of Bryant's Amended Complaint, SLS again filed a motion to dismiss Bryant's claims, arguing that Bryant "repeat[ed] the same general and vague allegations he made in his Original Petition" and "[t]hese new allegations [cannot] correct the deficiencies from his Original Petition." Doc. 21, Def.'s Br., 2. The motion is fully briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotations and alterations omitted).

## III.

## ANALYSIS

To succeed on the quiet title claim, Bryant must establish "1) [Bryant] has an interest in [the Property]; 2) title to the [P]roperty is affected by a claim by [SLS]; and 3) [SLS's] claim, though facially valid, is invalid or unenforceable." *See Wagner v. CitiMortgage*, 995 F. Supp. 2d 621, 626 (N.D. Tex. Feb. 5, 2014) (Kinkeade, J.) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App—El Paso 2012, pet. denied)). Bryant contends that although SLS holds "a valid and subsisting lien," its claim is unenforceable because the foreclosure action is time-barred by the statute of limitations. *See* Doc. 19, Am. Compl., 5. Because Bryant has still not alleged sufficient well-pleaded facts to state a plausible claim that SLS's action is time-barred and unenforceable, the Court **GRANTS WITHOUT PREJUDICE** SLS's motion to dismiss Bryant's Amended Complaint.

A.  *Bryant Has Not Pled Sufficient Facts to Plausibly Show SLS's Action Is Time-Barred*

In Texas, foreclosure must be brought within four years of the date of accrual of the cause of action. Tex. Civ. Prac. & Rem. Code § 16.035(a). When a series of notes or obligations is secured by a real property lien, the cause of action does not accrue until the maturity date of the last note, obligation, or installment. *Id*. § 16.035(e). But if the note is accelerated, the maturity date is brought forward by demanding the note's full balance. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d

562, 566 (Tex. 2001). So, the question is whether Bryant has pleaded sufficient facts to plausibly suggest that SLS's claim to title is unenforceable because the note was accelerated more than four years ago. *See Twombly*, 550 U.S. at 570 (2007).

As in his Original Petition, Bryant again contends that "no prudent lender would go for years without receiving payment and without taking steps to enforce its security interest" Doc. 22, Resp., 6. But even Bryant himself acknowledges that Daugherty's lack of payment "does not mean, automatically, that the note had been accelerated." *See id.* Further, Bryant does not provide any facts regarding when or who may have accelerated the loan. *See id.* These speculative allegations do not remedy the issues that plagued Bryant's Original Petition. *See* Doc. 12, Mem. Op. & Order, 7–8 (finding Bryant's pleadings about acceleration to be "speculative" and lacking "specific dates or specific information supporting the actual acceleration"). Finally, Bryant argues that "the allegations made upon information and belief are sufficient." Doc. 22, Resp., 6. However, Bryant's "information and belief" without any factual support is insufficient to state a plausible claim. *See DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co., N.A.*, 958 F. Supp. 2d 738, 749 (W.D. Tex. July 26, 2013) (finding an allegation of acceleration "on information and belief" was insufficient to state a claim).

Without plausible facts about the actual acceleration, Bryant cannot state a claim that SLS's claim is time-barred. *See Suniverse, LLC v. Ameriquest Mortg. Co.*, 2019 WL 291982, at *2 (S.D. Tex. Jan. 23, 2019) (stating that "speculative allegations [of possible acceleration] fail to state a plausible statute-of-limitations violation").

B.    *Bryant Is Not Entitled to Discovery*

Bryant argues that "he should be allowed to conduct discovery and to obtain the loan file" to determine if the statute of limitations bars his claim. Doc. 22, Resp., 6. However, "Rule 8 . . . does

not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Because Bryant fails to state a claim under Rule 8, he is not entitled to discovery. *See id.* at 679.

C.  *The Court Grants Bryant Leave to Amend the Pleadings*

Bryant does not request leave to amend his pleadings in response to SLS's motion to dismiss. *See* Doc. 22, Resp. However, under the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

In determining whether to allow such amendment, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, the Court finds that it is in the interest of justice that Bryant be given one additional opportunity to sufficiently plead allegations of an actual acceleration. Accordingly, the Court **GRANTS LEAVE** to Bryant to file an amended complaint.

## IV.

## CONCLUSION

For the reasons given above, the Court **GRANTS** SLS's Motion to Dismiss under Rule 12(b)(6) (Doc. 20). Thus, Bryant's quiet title claim is **DISMISSED WITHOUT PREJUDICE**. Additionally, the Court **GRANTS LEAVE** to Bryant to file a Second Amended Complaint

addressing the deficiencies identified above, **WITHIN THIRTY (30) DAYS** of the date of this Order.

    **SO ORDERED.**

    **SIGNED: December 2, 2022.**

                                                _____
                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE