UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHALIQ BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0252-B |
| | § | |
| DITECH FINANCIAL LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Specialized Loan Servicing LLC, as successor to Ditech Financial, LLC, ("SLS")'s Motion to Dismiss (Doc. 33). For the following reasons, the Court **GRANTS** SLS's Motion.

### I.

### BACKGROUND

This is a suit to quiet title to real property located in Dallas County, Texas ("the Property"). James Daugherty acquired the Property on April 17, 2002. Doc. 32, Second Am. Compl., ¶ 4. On the date he purchased the Property, Daugherty executed a deed of trust on it in favor of Allstate Bank. *Id*. Daugherty refinanced the Property on December 8, 2003 and executed a deed of trust on the Property in favor of Alpha Bank ("the Alpha Loan"). *Id.* On November 14, 2012, Daugherty entered into a modification, presumably for the Alpha Loan. *Id.* The modification reflected that Daugherty owed a balance of $215,321.40. *Id.*

The Property eventually passed to Sherry Flewellen through a homeowner's association lien sale on June 10, 2016. *Id.* The Property was again sold by the homeowner's association at auction

to Kingdom Group Investments. *Id*. Plaintiff Khaliq Bryant acquired the Property at some point after July 2021. *Id*. ¶¶ 2, 4.

SLS, as servicer for the current owner of the Alpha Loan, now claims the right to enforce the Alpha Loan. *See* Doc. 4, Answer & Countercl., 6–7; Doc. 32, Second Am. Compl., ¶ 5. SLS alleges that payments have not been made on that loan. Doc. 4, Answer & Countercl., 6. Accordingly, SLS served notice at the Property of its intent to accelerate the Alpha Loan on May 21, 2021. *Id.* at 7. SLS then served notice of acceleration of the Alpha Loan on July 5, 2021. *Id.*

Seeking to quiet title, Bryant challenges SLS's claim to the Property as time barred. Bryant argues the record of Daugherty's "significant delinquency" is sufficient to support the inference that it is "highly likely . . . [SLS's] predecessors" accelerated the Alpha Loan more than four years before the filing of this suit. Doc. 32, Second Am. Compl., ¶¶ 9, 13. Assuming that such an acceleration must have happened, Bryant alleges that an action to foreclose on the Property would be time barred by the relevant statute of limitations. *Id.* at ¶ 15.

The Court dismissed Bryant's Original Petition on June 15, 2022. *See* Doc. 12, Mem. Op. & Order. First, the Court found that SLS possessed a valid claim to the Property. *Id.* at 7. Next, the Court found that Bryant failed to plead "specific dates or specific information supporting the actual acceleration." *Id*. Without more, "Bryant's allegation that acceleration must have occurred greater than four years before this suit based on Daugherty's delinquency and bankruptcy [wa]s not sufficient to state a plausible claim that SLS's claim to the land [wa]s unenforceable." *Id.* at 9. The Court also granted Bryant leave to file an amended complaint. *Id.* at 10.

Bryant's First Amended Complaint was filed on August 17, 2022. *See* Doc. 19, Am. Compl. The Court again dismissed his Complaint without prejudice. *See* Doc. 25, Mem. Op. & Order. The

Court concluded Bryant's "speculative allegations [regarding the acceleration of Daugherty's loan] do not remedy the issues that plagued Bryant's Original Petition." *Id.* at 5, 6. The Court also declined to allow Bryant any discovery to support his claims. *Id.* at 6. The Court granted Bryant "one additional opportunity" to amend his complaint. *Id.* at 6.

Bryant's Second Amended Complaint was filed on January 11, 2023. *See* Doc. 32, Second Am. Compl. SLS again filed a Motion to Dismiss. *See* Doc. 33, Mot. Dismiss. The Motion is ripe for review, and the Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alteration omitted).

## III.

## ANALYSIS

In Texas, foreclosure must be brought within four years of the date of accrual of the cause of action. Tex. Civ. Prac. & Rem. Code § 16.035(a). When a series of notes or obligations is secured by a real property lien, the cause of action does not accrue until the maturity date of the last note, obligation, or installment. *Id.* § 16.035(e). But if the note is accelerated, the maturity date is brought forward by demanding the note's full balance. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). So, if Bryant can plead sufficient facts to suggest that the note was accelerated more than four years ago, his claim can survive a motion to dismiss. *See Twombly*, 550 U.S. at 570.

Bryant again fails to plausibly plead that the note at issue has been accelerated. To accelerate a loan, the note holder must give notice of intent to accelerate and notice of acceleration. *Holy Cross Church of God in Christ*, 44 S.W.3d at 566. These notices must be clear and unequivocal. *Id.* Bryant has not shown the existence of either here; indeed, Bryant admits he "does not have evidence that the lender . . . issued a notice of default followed by a notice of acceleration." Doc. 36, Resp., 7. Instead, Bryant argues that "[b]ased upon the delinquency of Daugherty in 2012, his failure to pay HOA dues, and the serial HOA foreclosures," SLS must have accelerated the loan. Doc. 32, Second Am. Compl., ¶ 6. He again emphasizes that "a reasonable lender would not have allowed a loan to be [nonperforming] for so long without taking steps to

protect its interest." Doc. 36, Resp., 7. But to state a claim, Bryant must plead what the *actual lender* did, not what a *hypothetical reasonable lender* would have done. *See Suniverse, LLC v. Ameriquest Mortg. Co.*, 2019 WL 291982, at *3 (S.D. Tex. Jan. 23, 2019) (stating that "speculative allegations [of possible acceleration] fail to state a plausible statute-of-limitations violation"). Thus, as the Court previously stated, "[w]ithout plausible facts about the actual acceleration, Bryant cannot state a claim that SLS's claim is time-barred." *See* Doc. 25, Mem. Op. & Order, 5. For these reasons, Bryant's Second Amended Complaint must be **DISMISSED**.

The Court in its previous order gave Bryant "one additional opportunity to sufficiently plead allegations of an actual acceleration." *Id.* at 6. Because Bryant has failed to plead a plausible claim after three opportunities to do so, the Court concludes any additional attempts would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny leave to amend). Thus, Bryant's claim is **DISMISSED WITH PREJUDICE**.

### IV.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** SLS's Motion to Dismiss (Doc. 33). Bryant's claim is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

**SIGNED: March 23, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE