UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KHALIQ BRYANT                              §
                                          §
        Plaintiff                         §
                                          §
Vs.                                       §          CIVIL ACTION 3:22-CV-00252-B
                                          §
DITECH FINANCIAL,, LLC, et.al.            §
                                          §
        Defendant                         §

JOINT STATUS REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now KALIQ BRYANT, and Defendant., Specialized Loan Servicing, LLC, as successor

to DITECH FINANCIAL, LLC, to file this Joint Status Report.

1. A brief statement of the nature of the case including the contention of the parties.

    a. Plaintiff's Contentions:    Plaintiff acquired the property the subject of this suit

       Plaintiff acquired the property from the foreclosure purchaser.  The property was

       foreclosed by the governing home owners association.  The party foreclosed by the

       HOA bought the property at a HOA sale where the borrower lost the property.

       Plaintiff contends that the public record reflects that it is highly likely that the statute

       of limitations proscribes the exercise of the powers of sale under the deed of trust.

    b. Defendant's Contentions: On November 24, 2003, James Daughterty ("Borrower")

       executed a Note and a Deed of Trust that secured repayment of the Note with a lien

       against the real property commonly known as 4619 O'Connor, Irving, Texas 75062

       ("Property"). Specialized Loan Servicing, LLC is the holder of the Note and the

       beneficiary of the Deed of Trust through a chain of assignments from the original

lender. Borrower defaulted on his obligations under the Note, and Defendant mailed the requisite notice demanding the default be cured. Borrower failed to cure the default, and Defendant, through its foreclosure counsel, accelerated the maturity of the debt. Defendant contends that it has a superior lien to the Plaintiff who acquired is interest through a junior lien HOA foreclosure sale. Defendant has asserted a counterclaim seeking a declaratory judgment and order allowing non-judicial foreclosure of the Property. Defendant affirmatively states that it is not barred by the 4-year statute of limitations to foreclose. A detailed procedural history explaining the basis for Defendant's affirmative defenses relating to tolling and abandonment will be provided in detail in subsequent pleadings.

2. Any challenge to jurisdiction or venue.

    None

3. Any Pending Motions.

    None

4. Any matters which require a conference with the court.

    None

5. Likelihood that other parties will be joined or the pleadings amended.

    Defendant intends to join the Borrower via a Third-Party Petition.

6. (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.

(a) The parties estimate that six months will be sufficient for discovery.  (b) The subject central to this case is whether the mortgage note was accelerated, and if so when; and if the note was accelerated, was such acceleration abandoned, and if so when and by what manner. (c) Discovery in phases is not necessary.  The parties suggest that six months would be sufficient to produce documents and to take depositions that are indicated.

7.  Any issues related to disclosure or discovery of electronically stored information.

   None

8.  Any issues related to claims of privilege or of protection as trail preparation material.

   Defendant suggests that documents relevant to this case may contain confidential information whose contents should be subject to a protective order.  The parties believe that they will enter into an agreed protective order to be submitted to the Court.

9.  What changes, if any, should be made to the limitations on discovery imposed under the Federal rules or by local rules.

   None

10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).

   As stated above, the parties anticipate presenting an agreed protective order to protect confidential borrower information.

11. Proposed deadlines with specific dates that limit the time to (a) join other parties and amend pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).

    (a) Join other Parties and Amend Pleadings- - -9/1/2024

    (b) Filing of motions including motions for summary judgment - - -3/1/2025

    (c) Complete Discovery  - - -3/1/2025

    (d) Designate expert witnesses and make expert disclosures - - 10/1/2024.

12. Requested trial dates, estimated length of trial and whether jury has been demanded.

    Requested trial date:   May, 2025

    Length of trial:          1 day

    Jury demand?           No

13. Whether the parties will consent to trial by magistrate judge.

    No

14. Progress made toward settlement, and the present status of settlement negotiations.

    The parties held a preliminary discussion about the issues in the case at the Rule 26 conference.  No substantive settlement discussions have been held to date. The parties have agreed to do so after exchanging initial discovery.

15. What form of alternative dispute resolution would be most appropriate.

    The parties believe that a settlement conference presided over by a magistrate judge would be useful and most likely to lead to a successful outcome.

16. Any other matters relevant to the status and disposition of this case.

        None at this time.

           Respectively submitted,

                /s/ KENNETH S. HARTER
                KENNETH S. HARTER
                State Bar ID 09155300

                Law Offices of Kenneth S. Harter
                6160 Warren Pkwy Suite 100
                Frisco, Tx. 75034
                (972) 752-1928
                Fax (214) 206-1491
                ken@kenharter.com
                **Attorneys for Khaliq Bryant**

                and

                : *<u>/s/ Crystal G. Gibson</u>*
                **CRYSTAL G. GIBSON**
                Texas Bar No. 24027322
                **cgibson@mwzmlaw.com**

                **MACKIE WOLF ZIENTZ & MANN, P. C.**
                14160 North Dallas Parkway, Suite 900
                Dallas, TX 75254
                (214) 635-2650
                (214) 635-2686 (Fax)
                **Attorneys for Defendant/Counter-Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a true and correct copy of the foregoing document has been served

on the following via ECF Notification on July 29, 2024:

        Kenneth S. Harter
        Law Offices of Kenneth S. Harter
        6160 Warren Pkwy Suite 100
        Frisco, Tx. 75034
        ken@kenharter.com

                */s/ Crystal G. Gibson*
                **CRYSTAL G. GIBSON**