UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHALIQ BRYANT, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0252-B |
| | § | |
| DITECH FINANCIAL, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, as | § | |
| successor in interest to DITECH | § | |
| FINANCIAL, LLC, | § | |
| | § | |
| Third-Party Plaintiff/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JAMES M. DAUGHERTY, | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Third-Party Plaintiff/Counter-Plaintiff Specialized Loan Servicing LLC, as successor in interest to Ditech Financial, LLC ("SLS")'s Motion for Default Judgment against Third-Party Defendant James M. Daugherty (Doc. 75). For the following reasons, the Court **DENIES** SLS's Motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

This is a suit to quiet title to real property located in Dallas County, Texas ("the Property"). The Third-Party Defendant, James Daugherty, acquired the Property in 2002. Doc. 55, Third Am. Compl., 3.[1] Daugherty defaulted on the mortgage and negotiated a loan modification in 2012 ("the Daugherty Loan"). *Id.* The homeowner's association foreclosed on the Property, and it then changed ownership multiple times. *Id.* Plaintiff Khaliq Bryant acquired the Property at some point in 2021. *Id.* at 2.

SLS now claims the right to enforce the Daugherty Loan, notwithstanding the intervening sales of the Property. *See* Doc. 59, Answer & Countercl., ¶ 7; Doc. 64, Third-Party Compl., ¶ 8. SLS alleges that payments have not been made on the Daugherty Loan. Doc. 59, Answer & Countercl., 8; Doc. 64, Third-Party Compl., ¶ 9. Accordingly, SLS served notice at the Property of its intent to accelerate in May 2021 and notice of acceleration in July 2021. Doc. 64, Third-Party Compl., 8.

Seeking to quiet title, Bryant challenges SLS's claim to the Property as time barred. Bryant argues the record of Daugherty's "significant delinquency" shows that it is "highly likely . . . [SLS's] predecessors" accelerated the Daugherty Loan more than four years before filing this lawsuit. Doc. 55, Third Am. Answer, 5. Because he argues SLS did not foreclose within four years of acceleration, Bryant contends that an action to foreclose on the Property would be time barred. *Id.* at 6.

SLS filed a counterclaim against Bryant for a declaratory judgment and non-judicial foreclosure. Doc. 59, Answer & Countercl., ¶¶ 14–19. SLS also filed a third-party complaint against

---

[1] Plaintiff repeats paragraph numbers in his Third Amended Complaint. To avoid confusion, the Court cites to ECF pagination.

Daugherty for breach of contract and non-judicial foreclosure. Doc. 64, Third-Party Compl., ¶¶ 16–20.

SLS filed its Third-Party Complaint on September 3, 2024. *Id.* Daugherty was served on September 12, 2024, and failed to answer or otherwise respond to SLS's Third-Party Complaint. Doc. 75, Mot. Default J., ¶¶ 3, 5. SLS requested the clerk to enter default against Daugherty. Doc. 74, Request. The clerk entered the default. Doc. 76, Entry Default. SLS filed its Motion for Default Judgment, asking the Court to enter default judgment against Daugherty and allow SLS to foreclose on the Property. Doc. 75, Mot. Default J., ¶ 14. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. *Id.* 55(b)(2).

However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Federal Rule of Civil Procedure 54(b) further provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"When one of multiple defendants has defaulted, judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants." *Lohri v. Countrywide Home Loans, Inc.*, No. 4:12cv568, 2013 WL 308893, at *1 (E.D. Tex. Jan. 25, 2013).

### III.

### ANALYSIS

The Court **DENIES** SLS's Motion for Default Judgment because entering judgment against Daugherty at this time would prejudice Bryant, who has appeared in this lawsuit. The Court should not enter default judgment against one party if doing so might prejudice a party that has appeared. *Martinez v. Brownsville Doctors Hosp. LLC*, No. 1:12-167, 2013 WL 12174046, at *2 (S.D. Tex. Aug. 29, 2013). In such a case, a court "might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant." *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018) (emphasis in original), *report and rec. adopted*, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018). "To avoid this problem, when there are multiple defendants and only one of whom is in default, the Court will withhold . . . granting default judgment until a decision on the merits has been reached as to the remaining defendants." *Id.* (internal quotation omitted).

Here, default judgment is inappropriate because it would deprive Bryant of the opportunity to litigate his claim when he has appeared to do so. SLS asks the Court to enter default judgment against Daugherty and allow SLS to foreclose on the Property. Doc. 75, Mot. Default J., ¶ 14.

Likewise in its counterclaim against Bryant, SLS requests the right to foreclose on the Property. Doc. 59, Answer & Countercl., ¶¶ 14–19. Meanwhile, Bryant now asserts a claim against SLS seeking the Court to find that Bryant owns the property free and clear of SLS's lien. Doc. 55, Third Am. Compl., 6. If the Court granted default judgment now and allowed SLS to foreclose on the Property, it would be granting SLS the remedy it seeks against not just Daugherty, but also Bryant. *See Wieck*, 2018 WL 620048, at *1. In effect, granting default judgment would create the exact outcome Bryant seeks to prevent: foreclosure on his Property. Accordingly, the Court denies SLS's Motion for Default Judgment without prejudice.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** SLS's Motion for Default Judgment (Doc. 75) **WITHOUT PREJUDICE**. SLS may refile a motion for default judgment after the other claims in this case have been adjudicated.

**SO ORDERED.**

**SIGNED: April 28, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE